IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| AMPTHILL RAYON WORKERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:11CV173–HEH |
| | ) | |
| E.I. DUPONT DE NEMOURS AND | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION
### (Defendant's Motion to Dismiss)

This is an action filed by Plaintiff Ampthill Rayon Workers, Inc. (the "Union")

seeking relief under Section 301 of the Labor Management Relations Act ("LMRA"), 29

U.S.C. § 185.  The underlying Complaint seeks enforcement of a settlement agreement

entered into by the parties in 2009, resolving several alleged violations of a pre-existing

collective bargaining agreement.  It is undisputed that the collective bargaining

agreement expressly requires the parties to arbitrate any alleged violations of that

agreement.

This matter is currently before the Court on Defendant E.I. DuPont De Nemours

and Company's ("DuPont") Motion to Dismiss, filed pursuant to Federal Rules of Civil

Procedure 12(b)(1) and 12 (b)(6).[1]  Under either standard of measure, DuPont contends

---

[1] DuPont's Motion to Dismiss was filed in this case on April 11, 2011.  This Court deferred its
ruling at the parties' request to enable mediation by a United States Magistrate Judge.  In the
interim, DuPont filed its answer on May 20, 2011 and the Union filed a Motion for Leave to File

that the Union has failed to exhaust its contractual arbitration remedies under the
Collective Bargaining Agreement ("CBA") and the Union is therefore precluded from
seeking judicial relief.[2] Both parties have filed memoranda of law supporting their
respective position. The Court will dispense with oral argument because the facts and
legal contentions are adequately presented in the materials before the Court and argument
would not aid in the decisional process. For the reasons that follow, the Court is of the
opinion that the Union must submit its claim to arbitration before proceeding to United
States District Court.

The grievances at issue involve DuPont's failure to provide the Union with timely
lists of changes to the bargaining unit—and failure to deduct dues from Union members'
wages. In 2009, prior to arbitration, the parties reached a Settlement Agreement (the
"Settlement Agreement") resolving their differences. The Union now contends that
DuPont has failed to adequately address these grievances and continues to violate these
provisions of the CBA, in violation of the Settlement Agreement.

According to the Complaint, and prior to filing the immediate lawsuit, the Union
elected to seek enforcement of the Settlement Agreement by filing a charge of unfair

---

Amended Complaint on June 22, 2011 (beyond the 21 day window provided under Fed. R. Civ.
P. 15(a)(1)(B)).
    This Court, however, must first address the jurisdictional issue raised in the Motion to
Dismiss. As the United States Supreme Court restated in *Steel Co. v. Citizens for a Better
Environment*, "[w]ithout jurisdiction the court cannot proceed at all in any cause." 523 U.S. 83,
94, 118 S. Ct. 1003, 1012 (1998) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)).
    In light of the Court's ruling on the Motion to Dismiss, it need not reach the other
motions filed.
[2] DuPont cites alternative theories because reviewing courts have adopted differing routes in
reviewing motions to dismiss for failure to meet exhaustion requirements. It appears from
LMRA jurisprudence that either approach is appropriate.

labor practices with the National Labor Relations Board ("NLRB"). The import of the charge was that DuPont had failed to honor the Settlement Agreement and refused to bargain in good faith. The NLRB dismissed both charges. In addition to dismissing the failure to deduct dues claim, the NLRB rejected the charge of refusal to bargain in good faith. With respect to the charge of failure to provide timely notice of employees leaving the bargaining unit, the NLRB conditionally dismissed this claim as well. The NLRB apparently concluded that DuPont's delinquency as to the latter charge was the result of administrative error. Obviously dissatisfied with this outcome, the Union filed the immediate lawsuit.

DuPont counters that this Court is without jurisdiction because the CBA requires that all grievances be resolved by arbitration, including alleged violations of the Settlement Agreement. DuPont adds that this is particularly true when the purported breach is in essence an alleged continuing, but separate, violation of the CBA. DuPont further emphasizes that the core grievances at issue have never been submitted to arbitration, as required by the CBA, but instead were resolved by agreement of the parties. Because the Union has failed to exhaust its contractual remedies under the CBA, DuPont argues that this Court lacks jurisdiction to entertain its claim relying on *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652, 85 S. Ct. 614, 616 (1965).

For a host of reasons, the Union disagrees. It initially contends that the very terms of the Settlement Agreement entitle it to bypass further arbitration and seek a judicial remedy. Furthermore, the Union argues that the Complaint specifically alleges that "DuPont admits that it has not, and cannot, process all dues checkoff authorizations

3

properly as required by both the collective bargaining agreement and the Settlement Agreement." (Opp'n Mot. to Dismiss 9, ECF No. 5.) Drawing on familiar principles governing motions under Fed. R. Civ. P. 12(b)(6) and 12(b)(1), the Union contends that at this stage the Court must accept this averment as true—trumping as a matter of law DuPont's contentions to the contrary.

This latter strand of the Union's argument has particular significance in weighing DuPont's jurisdictional challenge under Fed. R. Civ. P. 12(b)(1). The Union, which shoulders the burden of proving federal jurisdiction, *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) *cert. denied*, 503 U.S. 984, 112 S. Ct. 1667 (1992), relies heavily on *National Post Office Mail Handlers Local No. 305 v. United States Postal Service*, 594 F.2d 988, 991–92 (4th Cir. 1979). In *Mail Handlers*, the United States Court of Appeals for the Fourth Circuit reversed the lower court's dismissal of an action filed by the union seeking enforcement of a settlement agreement for failure to exhaust the arbitral remedies delineated in the collective bargaining agreement.[3]

However, central to the Fourth Circuit's decision in *Mail Handlers* was the lack of disagreement between the parties that the settlement agreement at issue had been violated and the absence of allegations of continuing violations. *Id.* at 991. As the U.S. Supreme Court emphasized in *United Steelworkers of America v. American Manufacturing Co.*, "courts . . . have no business weighing the merits of the grievance, considering whether

---

[3] The Court in *Mail Handlers* further explained that exhaustion of contractual remedies may be unnecessary when such remedies are unsatisfactory or unworkable by reason of misconduct. *Id.* at 991 (citing *Vaca v. Sipes*, 386 U.S. 171, 185–86, 87 S. Ct. 903, 914 (1967)).

4

there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim." 363 U.S. 564, 568, 80 S. Ct. 1343, 1346 (1960). The Fourth Circuit employed similar reasoning in *Davis v. Bell Atlantic-West Virginia, Inc.*, 110 F.3d 245, 248–49 (4th Cir. 1997), albeit in a slightly different context.

The rationale employed in *Mail Handlers* is further explained by the late Judge Glen M. Williams in *United Mine Workers of America District 28 v. VP-5 Mining Co.*

> The district court had dismissed the action [in *Mail Handlers*] for failure, on the part of the union, to exhaust its contractual remedies. Considering the case under the strictures of Fed. R. Civ. Pro. 12(b)(6), the Fourth Circuit reversed the district court based on the fact that there did not appear from the record to be any question that the Postal Service had breached the grievance settlements at issue. (Citation omitted.) The court went on, however, to add the following caveat to its remand instructions:
>
>> If it should appear later in the proceedings after remand that there are factual disputes about whether any grievance settlements have been violated, it will be time enough then to invoke the exhaustion doctrine and remit the parties to the contractual remedies. [*Mail Handlers*, 549 F.2d at 992.]
>
> Thus, even where the parties are not in dispute over the actual terms of a grievance settlement, but only over whether a breach of those terms has occurred as presented by the circumstances of a subsequent grievance, the courts must still defer to the parties' bargained-for method of dispute resolution.

*United Mine Workers District 28*, 630 F. Supp. 1210, 1214 (W.D. Va. 1986).

Even viewing DuPont's purported concession in the light most favorable to the Union, it would not rise to the level of an undisputed breach of the CBA or the Settlement Agreement. This is further supported by the Complaint's reference to the NLRB's earlier dismissal of the Union's claims. The NLRB concluded, at least in part, that DuPont's

alleged failure was the result of administrative errors. Also particularly noteworthy is the NLRB's rejection of the Union's charge that DuPont had refused to bargain in good faith. The alleged admission advanced by the Union as supporting its contention that DuPont's breach of the Settlement Agreement is undisputed, is simply a factual conclusion unadorned with any context. *See Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995).

This Court is also not convinced that the terms of the Settlement Agreement preclude arbitration of the present claims. A clear preponderance of reviewing courts have concluded that alleged violations of settlement agreements are subject to arbitration, except where the parties expressly exclude such violations from arbitration. *Niro v. Fearn Int'l, Inc.*, 827 F.2d 173, 175 (7th Cir. 1987).

The Union highlights paragraph 11 of the Settlement Agreement and contends that it is precluded by its terms from any further contractual right to arbitration. Paragraph 11 states, in pertinent part, that "the Union waives the right to grieve any and all claims related to the deduction of or failure to deduct union dues, which may have occurred prior to this Settlement Agreement." (Compl. Ex. A ¶11, ECF No. 1.) This Court does not read paragraph 11 as barring arbitrated enforcement of the Settlement Agreement especially when coupled with other related post-agreement violations. The language of paragraph 11 simply adopts the customary practice of ensuring that the Settlement Agreement covers all grievances and claims existing at the time the settlement was entered into.

With respect to paragraph 12 of the Settlement Agreement, the Union underscores the language asserting that both parties are entitled to *enforce* the Settlement Agreement.

The Union maintains that the term "enforced" is "commonly used for judicial enforcement rather than as a requirement that the Union file more grievances." (Opp'n Mot. to Dismiss 1.) Conspicuously absent, however, is any authority supporting this narrow connotation of the term "enforce."

In the final analysis, this Court is mindful of the well-established principle of labor law that both the union and the employer must exhaust the remedies provided in their collective bargaining agreement before seeking judicial intervention. *Mail Handlers*, 594 F.2d at 990. The specific grievances at hand have never been submitted to arbitration as provided by the CBA. Furthermore, the charge of continuing violations raises mixed questions of law and fact that can only be resolved through interpretation and application of the terms of the CBA. Therefore, this Court must conclude that the Union must first address its grievances through arbitration before proceeding to federal court.

The Court will therefore grant DuPont's Motion to Dismiss on the ground that the Union has failed to exhaust its contractual remedies.[4]

An appropriate Order will accompany this Memorandum Opinion.

_____  /s/_____
Henry E. Hudson
United States District Judge

Date: **Sept 27, 2011**
Richmond, VA

_____

[4] The Court would reach the same conclusion under a Rule 12(b)(6) analysis.